UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
VISUAL CREATIONS, INC.,             )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )    C.A. No. 17-405 WES
                                    )
                                    )
IDL WORLDWIDE, INC.,                )
                                    )
         Defendant.                 )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

This case is before the Court on Defendant IDL Worldwide, Inc.'s, ("IDL") Motion to Strike (ECF No. 14), which asks the Court to deny Plaintiff Visual Creation, Inc.'s, ("VCI") request for a jury, as opposed to a bench, trial on the issue whether there exists a binding agreement to arbitrate. For the following reasons, IDL's motion is DENIED.

I.  Discussion

Both parties are agreed that there exists a triable issue of whether an arbitration agreement exists. Their dispute is over whether this issue should be tried to the Court or a jury. IDL argues that VCI waived its right to a jury trial when it failed to request one in its response to IDL's Motion to Dismiss and Compel Arbitration (ECF No. 9). (Def.'s Mot. to Strike 1.) VCI, however,

claims that it preserved its right to a jury trial in its complaint. (Pl.'s Opp'n to Def.'s Mot. to Strike 8, ECF No. 15.)

The Federal Arbitration Act ("FAA") reflects "a liberal federal policy favoring arbitration agreements," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), and requires that the Court "rigorously enforce agreements to arbitrate," Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985). On the other hand, the right to "[t]rial by jury is a vital and cherished right, integral in our judicial system," City of Morgantown v. Royal Ins. Co., 337 U.S. 254, 258 (1949), and therefore the Court must "indulge every reasonable presumption against waiver," Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937).

Indeed Section 4 of the FAA explicitly provides for a jury trial on the issue of an arbitration agreement's existence, when "the party alleged to be in default . . . demand[s] a jury trial of such issue" and does so "on or before the return day of the notice of application."[1] 9 U.S.C. § 4. And here VCI complied with

---

[1] VCI concedes that it lacks a constitutional right to a jury trial, (Pl.'s Opp'n to Def.'s Mot. to Strike 10), so the Court rests its conclusion herein on the statutory right found in Section 4 of the FAA. See Burch v. P.J. Cheese, Inc., 861 F.3d 1338, 1347 (11th Cir. 2017) ("In a civil case, a right to trial by jury may arise either by the Seventh Amendment to the U.S. Constitution or via a federal statute."). The Court notes, however, that VCI's concession may have been ill-considered: The question of fact determinative of whether an arbitration agreement exists in this case – i.e., when the parties' formed their contract – is also

2

Section 4 by raising the issue whether an arbitration agreement exists in its complaint, and then, by including a general jury demand therein, requesting a trial by jury as to that issue. (See Compl. 9, ECF No. 1 ("VCI has never agreed to arbitrate with IDL regarding the Samsung Project"); id. at 12 ("Plaintiff demands a trial by jury on all issues so triable.").) VCI's complaint therefore complied with Section 4's procedure, by demanding a jury trial as to this issue "before the return day of the notice of application." 9 U.S.C. § 4.

Contrary to IDL's position, nothing in Section 4 precludes – or is inconsistent with – a plaintiff complying with its requirements by demanding a jury trial on this issue in the complaint. See Booth v. Hume Publ'g, Inc., 902 F.2d 925, 931 (11th Cir. 1990) (noting that the Federal Rules of Civil Procedure apply to a motion brought under the FAA "to the extent the Rule[s] [are] consistent with the language and purpose of the Arbitration Act.").

---

relevant to VCI's breach of contract claim, which is likely an action at law. Wyler Summit P'ship v. Turner Broad. Sys., Inc., 235 F.3d 1184, 1194 (9th Cir. 2000) ("In most instances, a claim seeking money damages for breach of contract is an action at law."). And the Seventh Amendment requires that where a party demands a jury "[i]n cases which combine legal and equitable claims, a jury must decide the former, including issues of fact common to both sets of claims." Gallagher v. Wilton Enters., Inc., 962 F.2d 120, 122 n.3 (1st Cir. 1992). Therefore, it is quite possible VCI had a constitutional right to try to a jury the question of fact related to the existence of an arbitration agreement, even before IDL triggered Section 4 of the FAA by moving to compel arbitration.

3

That is to say, if a plaintiff raises the issue in its complaint and makes a general jury demand therein, nothing in Section 4 prevents the normal operation of Federal Rule of Civil Procedure 38, which states that a party "is considered to have demanded a jury trial on all the issues so triable," unless it specifies "the [particular] issues that it wishes to have tried by a jury." Fed. R. Civ. P. 38(c). Section 4 simply provides another opportunity – arising if and when a party moves to compel, potentially after Rule 38's 14-day window has closed – for the alleged party in default to demand a jury trial. See Fed R. Civ. P. 38(b)(1); Guidotti v. Legal Helpers Debt Resolution, L.L.C., Civil Action No. 11-1219 (JBS/KMW), 2016 WL 4163547, at *2 (D.N.J. Aug. 4, 2016) ("[T]he demand provisions of Section 4 of the FAA simply provide another procedure to demand a jury trial, parallel to that provided by Rule 38." (quotations and alterations omitted)).

Burch is of no help to IDL on this point when it states that, consistent with Federal Rule of Civil Procedure 81(a)(6)(B), it is "only where the Arbitration Act is silent that the Federal Rules of Civil Procedure become applicable." 861 F.3d at 1348-50 (quoting Booth, 902 F.2d at 931) (holding that right to jury trial on the existence of an arbitration agreement was waived where plaintiff failed to raise the issue in his complaint and in his response to motion to compel). Section 4 of the FAA is, in fact, silent on the procedures required to raise the issue of whether an arbitration

4

agreement exists in a pleading, except to the extent it allows the party resisting arbitration to demand a jury trial on this issue before it must respond to a motion to compel. Cf. Application of Deiulemar Compagnia Di Navigazione S.p.A v. M/V Allegra, 198 F.3d 473, 483 (4th Cir. 1999) ("[A] district court could invoke Rule 81(a)[(6)(B)] to use federal discovery rules to determine whether a dispute is arbitrable."). Therefore Rule 38 applies here to preserve VCI's right to a jury trial.

II. Conclusion

For the foregoing reasons, IDL's Motion to Strike (ECF No. 14) is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: January 9, 2018